UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVIS,<br><br>           Plaintiff,<br><br>     v.<br><br>L. L. SCHULTIES, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:09-cv-00757-DLB PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 12)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Order Following Screening Of First Amended Complaint**

**I.     Background**

Plaintiff Anthony Davis ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on April 29, 2009. On October 28, 2009, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint. On November 16, 2009, Plaintiff filed his first amended complaint. (Doc. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of First Amended Complaint

Plaintiff was previously incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants Warden L. L. Schulteis, Correctional Counselor L. Phillips, and Chief of Appeals N. Grannis.  Plaintiff seeks monetary damages.

Plaintiff alleges the following.  On September 15, 2008, Plaintiff appeared before the Institutional Classification Committee ("ICC") for his periodic Secured Housing Unit ("SHU") review. Defendant Phillips requested a R-suffix review for Plaintiff because of three previous 115 Rules Violation Reports for indecent exposure.  Plaintiff had been found guilty of all three, but this occurred years ago at a different prison.  The district attorney had declined to prosecute any of the indecent exposure incidents.  Defendant Schulteis as chief deputy warden accepted the request to conduct a R-suffix review.  Plaintiff appealed this issue to the third level of review. Defendant N. Grannis denied Plaintiff's request to remove the R suffix from his record.  The Court assumes that a R-suffix was attached to Plaintiff's record.  Plaintiff alleges that these actions were discriminatory, biased, retaliatory, and unprofessional.

///

///

### III.   Analysis

It is unclear what claim Plaintiff asserts regarding bias and discrimination.[1] Plaintiff appears to be ascribing a motivation to defendants' alleged actions, which is not in itself a violation. However, Plaintiff protests the unfairness of the R-suffix, which may be asserting a due process violation. State law creates liberty interests that deserve protection under the Due Process Clause of the Fourteenth Amendment when the deprivation in question restrains the inmates's freedom in a manner not expected from his or her sentence and "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The Ninth Circuit has held that labeling a prisoner a sex offender and mandating treatment because of the stigmatizing label gives rise to a liberty interest deserving of Fourteenth Amendment protection. *Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir. 1997).

Here, Plaintiff does not allege that he was ordered into treatment because of his R-suffix designation. Even if Plaintiff was entitled to protection under the Due Process Clause, Plaintiff also fails to allege any facts that indicate he was not provided with due process prior to the attachment of the R-suffix to his prison file. If Plaintiff is asserting a defamation of character claim, Plaintiff's claim fails. Reputation alone does not implicate any liberty or property interests sufficient to invoke the procedural protection of the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 701 (1976). Plaintiff thus fails to allege a cognizable due process claim.

Plaintiff also fails to state a claim against Defendant Grannis for ruling against Plaintiff in the inmate grievance process. There is no right to a specific inmate grievance procedure protected by the Due Process Clause. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

---

[1] As to Plaintiff's retaliation claim, Plaintiff alleges no facts that support such a claim. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff fails to state a cognizable retaliation claim.

Ruling against Plaintiff in the inmate grievance process, without more, is insufficient to state a claim. Furthermore, Defendants are liable only for their conduct, not the conduct of their subordinates. *Iqbal*, 129 S. Ct. 1948-49.

### IV.   Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. Plaintiff was previously provided with the opportunity to amend his complaint and cure the deficiencies identified, but Plaintiff has failed to do so. Further leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to close this action. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **June 15, 2010**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE